2011 UT App 280

**Reginald WILLIAMS, Plaintiff and Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, Defendant and Appellee.**

No. 20110340–CA.

Court of Appeals of Utah.

Aug. 18, 2011.

Reginald Williams, Draper, Appellant Pro Se.

Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and VOROS.

DECISION

PER CURIAM:

¶ 1 This case is before the court on a sua sponte motion for summary disposition. Appellant Reginald Williams did not file a response. Appellee Department of Corrections (UDC) supports summary disposition.

¶ 2 Williams submitted a records request to UDC pursuant to the Utah Government Records and Access Management Act (GRAMA). The final action of the UDC executive director was dated May 17, 2010, and stated that UDC did not possess documents responsive to the GRAMA request. Williams appealed this response to his GRAMA request to the State Records Committee (SRC) on May 21, 2010. On June 8, 2010, the SRC denied Williams's appeal without a hearing on the grounds that there was not sufficient evidence that the records Williams sought existed. On July 1, 2010, Williams filed a Petition for Review of Records Denial in the district court, naming and serving UDC, its Deputy Director, and its Finance Director. The petition did not name the SRC and was not served on the SRC's executive secretary. In its Findings and Final Order of Dismissal, dated March 15, 2011, the district court granted UDC's motion to dismiss on the basis that, (1) the petition was untimely filed after the ruling of the UDC's executive director; (2) the petition failed to join the SRC as an indispensable party; and (3) UDC had produced any and all information that might be potentially responsive to the GRAMA request. Williams appeals the dismissal order.

¶3 Utah Code section 63G–2–402(1) gives a person making a GRAMA request two options following an agency's denial of a GRAMA request. *See* Utah Code Ann. § 63G–2–402(1) (2008). The requester may "appeal the denial to the records committee" or "petition for judicial review in district court," *id.* An appeal to the records committee is initiated by filing a notice of appeal with the executive secretary no later than thirty days after the chief administrative officer of the governmental entity has granted or denied the record request. *See id.* § 63G–2–403(1). In the alternative, a requester may petition for judicial review of a governmental entity's determination by filing a petition no later than "30 days after the governmental entity has responded to the records request by either providing the requested records or denying the request in whole or in part," *id.* § 63G–2–404(2)(b)(i). Following any appeal to the records committee, a requester may seek judicial review of the records committee's decision by filing a petition "no later than 30 days after the date of the records committee's order," *id.* § 63G–2–404(1)(a)–(b). In that event, "[t]he records committee is a necessary party to the petition for judicial review," *id.* § 63G–2–404(1)(c), and "the executive secretary of the records committee shall be served with notice of the petition," *id.* § 63G–2–404(1)(d).

¶4 Williams filed both a timely appeal of the May 17, 2010 UDC decision with the SRC and an untimely petition for judicial review of the same UDC decision with the district court. The July 1, 2010 petition seeking judicial review of the UDC decision was not filed within the thirty-day time limit contained in Utah Code section 63G–2–404(2)(b)(i). The petition for judicial review did not name the SRC as a respondent, and it was not served on the SRC's executive secretary. As such, the SRC was not a party to the district court case. Therefore, to the extent that the petition sought judicial review of the actions of the SRC, the petition was properly dismissed for failure to join the SRC as "a necessary party to the petition for judicial review" under section 63G–2–

404(1)(c). Accordingly, we affirm the district court's order of dismissal.